ORTIZ, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Ratification of Sale.

No. 262.—Decided April 14. 1916,

RECORD OF TITLE—SALE BY HEIRS IN NAME OF PREDECESSOR—PREVIOUS RECORD IN NAME OF HEIRS.—When the heirs of a person carry out an unperformed obligation of the latter, whether proceeding voluntarily or under compulsion, by executing a deed of conveyance as formal evidence of the actual contract made during his life by their precedessor so as to enable the purchaser to place his title on record, no prior record in the name of the heirs executing the deed is required because the ownership of the property conveyed appears recorded in favor of the person in whose name and representation the conveyance is made.

ID.—CIVIL STATUS—CURABLE DEFECT—CORRECTION OF DEFECT—MARRIAGE CERTIFICATE.—When the name of the wife of the vendor at the time he acquired the property sold does not appear clearly in the registry, this is a curable defect which the interested party may correct by presenting in the registry a certified copy of the marriage certificate.

The facts are stated in the opinion.
*Mr. Benito Forés* for the appellant.
The registrar appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

On December 26, 1915, José Ortiz Lugo and his children María Isabel, María Cleofe, Luisa Josefa, Catalina, Candelaria Beatriz, María Teresa, Braulio and Adolfo Ortiz y

Toro, of the one part, and Juan Ortiz y Toro of the other part, appeared before Notary Benito Forés and executed deed No. 130 from which it appears that José Ortiz Lugo and his wife, Adela Toro, sold a rural property owned by them to the other party, Juan Ortiz Toro, for the sum of $300 which the vendors received from the purchaser, and the latter took possession of the property; that Adela Toro died prior to the execution of the proper public instrument witnessing the said contract and that, acknowledging these facts, the said José Ortiz Lugo and all the heirs of Adela Toro united in so declaring in a solemn manner and in ratifying the contract previously entered into in all its parts.

The deed was presented in the registry accompanied by the designation of the heirs of Adela Toro by the district court having jurisdiction and the registrar refused to record the same for the reasons stated in the following decision from which the present appeal was taken:

"Record of this instrument is denied in accordance with the provisions of article 20 of the Mortgage Law, because of the incurable defect that it does not refer to a vacant inheritance and it appears that the property sought to be recorded is recorded in the name of José Ortiz Lugo who is married and the name of his wife is not given, and because no application has been made for a previous record in the name of the heirs of Adela Toro. In lieu thereof a cautionary notice is entered, etc."

1. The question of the previous record in the name of the heirs has been definitely decided by this court in the case of *Coy* v. *The Registrar of San Juan,* 22 P. R. R. 403, against the theory maintained by the registrar. The doctrine established in the said case, in which the decision of the General Directorate of the Registries of Spain of November 3, 1879, was fully considered, is as follows:

"When the heirs of a person carry out an unperformed obligation of the latter, whether proceeding voluntarily or under compulsion, by executing a deed of conveyance as formal evidence of the actual transfer of ownership already made, so as to enable the pur-

chaser to place his title on record, no prior record in the name of the parties executing the deed is required inasmuch as the record appears in the name of the person in whose behalf and representation the conveyance is made." (Syllabus.)

2. The other defect assigned by the registrar exists; nevertheless, in our opinion, the said defect is curable.

From the contents of the instrument as a whole it may be deduced that the property in question was acquired by José Ortiz Lugo during his wedlock with Adela Toro, but in order that this fact may be shown beyond any doubt, the interested party should present in the registry a certificate of the marriage of José Ortiz to Adela Toro.

In view of the foregoing, we are of the opinion that the appeal should be sustained and the decision reversed, the registrar being ordered to make the record requested with the curable defect that the name of the wife of the vendor, José Ortiz Lugo, at the time he acquired the property disposed of, does not appear clearly in the registry.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.